IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DR. LAKSHMI ARUNACHALAM, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 14-91-RGA |
| | : | |
| KRONOS INCORPORATED, | : | |
| | : | |
| Defendant. | : | |

**AMENDED MEMORANDUM ORDER**

Plaintiff has filed a "renewed" motion to recuse me and Judge Stark. (D.I. 96). I have previously denied or dismissed various motions for recusal (D.I. 48 at 3-8; D.I. 63; D.I. 66; D.I. 91) and a motion for reconsideration relating to denial of a motion for recusal (D.I. 53). Plaintiff has filed numerous other cases, with numerous other motions for me to recuse. At least one of them has reached the Court of Appeals. *See Arunachalam v. IBM*, 759 F. App'x 927, 933 (Fed. Cir. 2019).

There is nothing new in the instant motion. It is therefore an out-of-time motion for reconsideration. The motion to recuse (D.I. 96) is therefore summarily **DENIED** as to me and **DISMISSED** as to Judge Stark, who is not assigned to this case.

Plaintiff has also filed a motion to reconsider (D.I. 101) an order I entered on June 18, 2020 (D.I. 94) dismissing counts 1, 2, and 4 of the complaint with prejudice. The motion to reconsider was filed on July 16, 2020, that is, twenty-eight days after I entered my order. To the extent it is a motion for reconsideration, it is out of time. D.Del. LR 7.1.5 (fourteen-day requirement). But the motion also cites Rule 59(e) and Rule 60(b) in support. It is timely under those rules. Answering and reply briefs have been filed. (D.I. 103; D.I. 104).

The order in question held that Plaintiff could not assert patent claims previously declared invalid, that Plaintiff was collaterally estopped from asserting the remaining claims on the basis of a ruling of another district court, which was affirmed by the Court of Appeals, and that she was collaterally estopped from arguing that she was not collaterally estopped.  (D.I. 93; D.I. 94).

Plaintiff cites in support Third Circuit caselaw that states that Rule 59(e) is used to relitigate issues that have been decided, when there has been (1) an intervening change in the law, (2) new evidence, or (3) a clear error of law.  Plaintiff does not seriously argue the first two.[1]  But it could be said, interpreting her motion generously in light of her *pro se* status, that she was arguing a clear error of law.  But, as her brief makes clear, her argument is that other tribunals erred in invalidating her patent claims and holding that she was collaterally estopped.[2]  That is not the sort of allegation of clear error of law that I can entertain on a Rule 59(e) motion.  And, since Plaintiff has made the same arguments to the Court of Appeals, without success, there is no error, let alone clear error.

Plaintiff offers no argument in regard to Rule 60(b), and it is apparent that there is no basis to grant such relief.

Plaintiff's motion to reconsider (D.I. 101) is **DENIED**.

IT IS SO ORDERED this 7th day of October 2020.

    _/s/ Richard G. Andrews_____
    United States District Judge

---

[1] She states there has been an intervening change in the law, citing among others, Supreme Court cases from more than 200 years ago, as well as other cases that predate my decision.  (D.I. 101 at 6).

[2] "ALL Court and PTAB Orders in my cases are void, for want of jurisdiction.  It is as simple as that."  (D.I. 104 at 1).